New Orleans, May 31, 1909.

———o———

No. 4691.

Court of Appeal, Parish of Orleans.

STATE EX REL JOHN F. LINDNER VS. STATE TAX COLECTOR, PARISH OF ORLEANS.

ON MOTION TO DISMISS.

Where a motion to dismiss the appeal is based on the ground that the defendant has voluntarily complied with, and acquiesced to the terms of the judgment, and the facts necessary to show such compliance and acquiescence not appearing conclusively in the record, the cause will be remanded to the District Court with instructions that evi-

*dence be taken on the question and then transmitted to the Appellate Court for adjudication.*

Appeal from the Civil District Court, Division "A."

Theo Cotonio, for Plaintiff and Appellee.

Zacharie & Sneed, for Defendant and Appellant.

ESTOPINAL, J. This was a mandamus proceeding directed against the State Tax Collector by which the plaintiff sought to have cancelled and erased from the records of his office all taxes and privileges and mortgages for the years 1889, up to and including the year 1901, effecting and bearing on certain property situated in this city, and also to erase from the records of his office the inscription of the sale of the State of Louisiana of said property for taxes for the year 1889, to the State of Louisiana, the said property being described as follows:

"A certain lot of ground and improvements thereon, in the Fourth District of the City of New Orleans, in square bounded by Rousseau, St. Thomas, Fourth and Washington Streets, designated as Lot No. Twenty (20), in Square No. Fifty (50); said lot measuring Thirty-one (31) feet front on Fourth Street, by a depth of One Hundred and Twenty-five (125) feet."

There was judgment rendered below, making peremptory the alternative writ of mandamus, and ordering the defendant Tax Collector to cancel and erase the tax inscription, etc., as prayed for by plaintiff.

This judgment was rendered on the 17th of August, 1908, and signed on the 21st of August, 1908.

On the 14th day of December, 1908, defendant applied for and obtained an order for a devolutive appeal, made returnable to this court on the 8th day of January, 1909.

Plaintiff moves for a dismissal of this appeal on the ground that the defendant Tax Collector, by complying with the terms of the judgment appealed from, and cancelling fro mthe records of his office the tax inscriptions and tax sale to the State of Louisiana, said compliance and cancellation being of date September 4, 1908, he could not, on December 14, 1908, appeal from said judgment.

The facts set up by plaintiff in his motion to dismiss are borne out by the record.

At the bar of this Court, however, the attorney for the Tax

—346—

Collector urges that the Tax Collector was without authority to comply with the terms of the judgment until it had been approved by his (Attorney for the State Tax Collector's) office, and that that officer's failure to secure such approval before complying with the terms of the judgment removes his action from the category of an acquiescence.

The Attorney for the Tax Collector not being positive as to whether the proceedings and judgment below had passed through his office and acted upon by his offic one way or the other, nothing remains for this Court to do but to remand the cause to the District Court with instructions to said Court to receive evidence on he question of compliance with and acquiescence by defendant in the judgment appealed from.

It is therefore ordered, adjudged and decreed, that the cause be remanded to the lower Court for the purpose of taking evidence in that Court touching the question of acquiescence in the judgment, with instructions that after this has been done the Court *a qua* shall reurn to this Court the record in the cause, the costs to wait the final action of this court.

April 7, 1909.

## ON MOTION TO DISMISS.

The duties of attorney of public boards and officers are in general merely advisory and not supervisory. Hence their approval is not essential to the validity of official acts except where otherwise specially provided by law.

A judgment of costs against a tax collector in his official capacity can not be executed and confers no right against the state, the real party in interest.

Costs are merely incidental to the judgment, and where no other issue remains open in a case, no appeal will lie therein merely to settle the question of liability for costs.

ST. PAUL, J.   Relator obtained judgment ordering the cancellation of certain taxes. Copy of this judgment was filed with defendant, and the taxes were cancelled. Thereafter this appeal was taken.

It is now urged that the cancellation was made inadvertently, the judgment never having been approved by the attorney for the tax collector, according to the usual custom.

It is eminently proper that public officers should submit to

—347—

their counsel questions of law affecting the conduct of their offices and be guided by their advice, but nothing in the law makes this imperative.

The duties of attorneys for public boards and officers are in general merely advisory, and not supervisory. Hence their approval is not essential to any official act except where otherwise specially provided by law.

It is further urged that the judgment has not been complied with because the defendant has not paid the costs for which he was cast.

We cannot accept this view. First, it appears from the record that relator has abandoned and waived the costs. Again, a judgment for costs against a tax collector in his official capacity cannot be executed and confers no rights against the State, the real party in interest. Finally, costs are merely incidental to a judgment, and it has repeatedly been held that where no other issue remains open in a case, an appeal does not lie therein merely to settle the question of liability for costs.

Appeal dismissed.